UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TERRI A. RUNGE, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID RUNGE,<br><br>Plaintiff,<br><br>vs.<br><br>662 MAIN, LLC, INDIVIDUALLY AND JOINTLY AND SEVERALLY; AND MIDWEST MOTELS OF DEADWOOD, LLC, INDIVIDUALLY AND JOINTLY AND SEVERALLY;<br><br>Defendants. | 5:25-CV-05064-RAL<br><br>OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT |

David Runge sued Defendants 662 Main, LLC, and Midwest Motels of Deadwood, LLC (collectively "the Defendants"), seeking damages stemming from a fall at or near the threshold of a building owned and operated by the Defendants. Defendants filed a motion for summary judgment arguing that Mr. Runge's death leaves no admissible evidence of causation. For the reasons contained below, Defendants' Motion for Summary Judgment, Doc. 12, is denied.

## I. Background

Plaintiff alleges that on June 3, 2024, Mr. Runge's wheelchair flipped as he attempted to enter the casino located at 658 Main Street, Deadwood, South Dakota, resulting in injuries to his back. Doc. 1 ¶¶ 5, 9. Mr. Runge was a resident of Colorado visiting Deadwood for a short vacation. Doc. 1 ¶ 1; Doc. 24 ¶ 3. He brought this action against Defendants 662 Main, LLC,

which owns the real estate where the incident took place, and Midwest Hotels of Deadwood, LLC, which owns and operates the Buffalo Bodega Casino and Restaurant business at this location. Doc. 1 ¶ 2–3. Defendants filed an answer, Doc. 3, denying liability for Mr. Runge's injuries.

Mr. Runge passed away on or about May 19, 2026. This Court was made aware of Mr. Runge's death by the Defendants' Motion for Summary Judgment, filed on June 4, 2026. Doc. 12 at 1. On October 9, 2026, the parties agreed to substitute Terri A. Runge as personal representative of the Estate of David Runge as Plaintiff, Doc. 50.

Mr. Runge's death leaves no known eyewitnesses to his fall. Lorrie Henderson, an employee at the Buffalo Bodega Casino and Restaurant, witnessed the immediate aftermath of the fall and provided deposition testimony. Doc. 43-1. She testified that she "heard something like 'whoa,'" looked over, and saw bystanders in the area near the door. Doc. 43-1 at 5. The parties do not know the identity of those bystanders. Henderson observed Mr. Runge lying in his wheelchair on his back, positioned "like you would be upright, but he was on his back." Id. at 11. Henderson heard the bystanders asking if Mr. Runge was okay and recalled that they helped him up off the ground by lifting the wheelchair up. Id. She also "remember[ed] somebody saying, 'Do you want us to call, you know, an ambulance or whatever?'" and asked Mr. Runge herself if he needed an ambulance. Id. at 6–7.

Mr. Runge sought treatment apparently beginning three days after the incident. On June 6, 2024, Mr. Runge went to the American Family Care Urgent Care in Louisville, Colorado. Doc. 23-2. The triage notes from that visit state "[w]heelchair flipped backwards on Monday and [patient] fell out of it." Id. On June 10, 2024, Mr. Runge went to the AHAAH Avista Hospital in Louisville, Colorado. Doc 23-3. The Emergency Department Encounter Note recorded Mr. Runge's statement that he was at a casino in Deadwood "when he hit a crack that flipped him

backwards out of his wheelchair landing directly on his back." Id. On June 13, 2024, Mr. Runge visited a physician's assistant in Greenwood Village, Colorado, who wrote in the "Subjective" portion of a progress note the following:

> [Mr. Runge] presents today after having a fall out of his wheelchair. He was in Deadwood South Dakota at a casino. He states that he was in a wheelchair which was a mechanical 1 and was going into the front entrance of the casino and hit the step edge causing him to fall back. He states his wheelchair spun around and he landed on his back. The wind was knocked out of him. He had some bystanders that helped him.
>
> Doc. 23-4.

Before he died, Mr. Runge answered interrogatories and described using an electric wheelchair which flipped over "due to the unsafe threshold" of the Buffalo Bodega Casino." Doc. 23-1 at 1–2. Mr. Runge did not give deposition testimony prior to his death.

Mr. Runge's diagnosis was an "acute appearing mild (10%) compression fracture T5 vertebral body" and "neck trauma and pain," Doc. 33-5 at 3–4. His doctor later wrote that Mr. Runge's T5 compression fracture "has permanently altered the alignment of his spine," such that "[h]e may end up with chronic pain associated with this issue." Doc. 33-6. Plaintiff argues that Mr. Runge's statements in the medical records and interrogatory answers regarding how he was injured are admissible under Federal Rules of Evidence 804 and 807. Doc. 22 at 13.

Plaintiff hired Joseph Buonopane as an expert. Buonopane reviewed Mr. Runge's interrogatory answers but appeared not to have obtained Mr. Runge's version of what occurred directly from him. Buonopane visited and photographed the entry into the Buffalo Bodega Casino and opined that the entryway was not compliant with Americans with Disabilities Act (ADA) requirements to provide a "continuous and unobstructed path of travel" for wheelchair users because it had a threshold with an inappropriately high lip. Doc. 23-5 at 3. Buonopane provided

information about the slope of the entryway, lack of beveling, and other aspects which he opined created hazardous conditions for wheelchair users. Id. at 3, 10.

## II. Summary Judgment Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(a) places the burden initially on the moving party to establish the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). Once the moving party has met that burden, the nonmoving party must establish that a material fact is genuinely disputed either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A), (B). A party opposing a properly supported motion for summary judgment "may not merely point to unsupported self-serving allegations, but must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor, without resort to speculation, conjecture, or fantasy." Reed v. City of St. Charles, 561 F.3d 788, 790–91 (8th Cir. 2009) (cleaned up and citations omitted). In ruling on a motion for summary judgment, the facts and inferences fairly drawn from those facts are "viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)).

## III. Analysis

Plaintiff is a resident of Colorado, and Defendants are both South Dakota limited liability companies doing business in South Dakota. Doc. 1 ¶ 1; Doc. 24 ¶ 3; Doc. 3 ¶¶ 3–4. Since this is

a diversity jurisdiction case and the incident occurred in South Dakota, South Dakota law governs Plaintiff's claim. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 72–73 (1938). The Complaint contains a negligence claim. Doc. 1. Under South Dakota law, the definition of negligence is "the breach of a duty owed to another, the proximate cause of which results in an injury." Stone v. Von Eye Farms, 741 N.W.2d 767, 770 (S.D. 2007) (cleaned up and citation omitted). Thus, Plaintiff must show that Defendants owed Mr. Runge a duty, that the Defendants breached that duty, and that this breach was the proximate and factual cause of Mr. Runge's injury. Hanson v. Big Stone Therapies, Inc., 916 N.W.2d 151, 158 (S.D. 2018); Kirlin v. Halverson, 758 N.W.2d 436, 448 (S.D. 2008). Plaintiff alleges that Mr. Runge's injuries were the result of Defendants' negligence in maintaining the entryway on their property. Defendants do not dispute that they owed Mr. Runge a duty of reasonable care, but contend that Plaintiff cannot as a matter of law establish causation.

To survive summary judgment on a causation challenge under South Dakota law, the plaintiff must show that "it is more probable that the harm resulted from some negligence for which the defendant was responsible than in consequence of something for which he was not responsible." Hanson, 916 N.W.2d at 160. In Hanson, the plaintiff suffered an injury after receiving physical therapy from the defendant's employees, and the defendant subsequently argued that summary judgment was proper because as a matter of law the plaintiff could not establish causation without expert testimony. Id. at 153. Despite ruling that the plaintiff's expert could not opine on the cause of the plaintiff's injuries because it was outside his area of expertise, the court still found that the plaintiff had provided sufficient evidence to establish that it was "more probable that the harm resulted from some negligence for which defendant was responsible than in consequence of something for which [s]he was not responsible." Id. at 160. The plaintiff offered

evidence showing that the defendant's staff had taken certain measures when treating her that did not align with widely accepted best practices in the physical therapy field, and that she only suffered the particular injury at issue after contact with the defendant's staff. Id. at 154–56, 159. Similarly, Mr. Runge flipped over in his wheelchair and suffered his injury at or very near to the threshold of the entry to Defendants' structure, and Plaintiff's expert testified that the entryway was not in compliance with accepted ADA requirements for providing wheelchair access to building.

Plaintiff argues that circumstantial evidence would allow a reasonable jury to find that Mr. Runge's wheelchair flipped when it came into contact with the raised threshold of the Buffalo Bodega Casino's entryway. Under South Dakota law, plaintiffs relying on circumstantial evidence to show causation must prove their theory of causation by a preponderance of the evidence. Parham v. Dell Rapids Twp., 122 N.W.2d 548, 552 (S.D. 1963). This standard does not require plaintiffs to eliminate "all other possible explanations of causation that the ingenuity of counsel might suggest." Crandell v. Larkin & Jones Appliance Co., 334 N.W.2d 31, 34 (S.D. 1983) (citation omitted). Viewed in the light most favorable to the Plaintiff, a reasonable juror could find it more likely than not that contact with the Defendants' entryway caused Mr. Runge's wheelchair to flip and in turn his injuries based on the record here. Defendants' employee Lorrie Henderson observed the immediate aftermath of the fall, including seeing Mr. Runge lying in his wheelchair on his back and bystanders lifting him and the wheelchair off the ground. Doc. 43-1 at 5–11. Plaintiff's expert took photographs that show a one to one-and-a-half inch raised threshold existed there, which the expert asserts is not in compliance with ADA requirements and poses a risk to wheelchair users. Doc. 23-5 at 3. While Plaintiff has not foreclosed the possibility that the

fall stemmed from something other than contact with Defendants' raised entryway threshold, Plaintiff does need to do so at this time. Crandell, 334 N.W.2d at 34.

Defendants argue that summary judgment should be granted because no witnesses with personal knowledge of the fall nor any photo or video evidence of the fall has been supplied, and that Plaintiff's circumstantial evidence is insufficient to prove causation. Doc. 13 at 5. Defendants argue from Lauing v. Rapid City, Pierre & E.R.R., 610 F.Supp.3d 1203, 1213 (D.S.D. 2022), where a defendant argued that the plaintiffs' circumstantial evidence regarding the cause of a rural grass fire was "insufficient because there [were] several 'plausible' sources for the fire apart from its train." This Court rejected the argument, holding that "a reasonable jury could easily find that RCPE's train was more likely to have caused the fire than any of the other ignition sources posited by RCPE," and that under South Dakota law the plaintiffs "need not negate all possibilities that something other than" the defendant's conduct caused the plaintiffs' harm. Id. at 1214. Similarly, Plaintiff in this case need not provide definitive proof that the only possible cause of the fall was Defendants' negligence. While Mr. Runge is deceased and therefore unable to provide testimony regarding the incident, other evidence exists to support Plaintiff's claim that Mr. Runge fell as he entered Defendants' structure. Lorrie Henderson, the employee of the Buffalo Bodega Casino and Restaurant who was working on site at the time of the incident, gave a deposition where she relayed her observations which could be consistent with the wheelchair flipping at or near the casino's threshold. Doc. 43-1. As in Lauing, there is enough here for plaintiff's claim to survive summary judgment. Plaintiff submitted an expert report with photographs of the raised entryway threshold itself. Doc. 23-5.

Plaintiff also points to Mr. Runge's medical records, Docs. 23-2, 23-3, 23-4, 33-5, and interrogatory answers as evidence on causation. Doc. 22 at 16. Defendants argue that Mr. Runge's

statements to medical providers are inconsistent and ought to be excluded as hearsay and unnecessary information to diagnosing Mr. Runge. Doc. 13 at 6. Federal Rule of Evidence 803(4) contains the hearsay exception for statements made for medical diagnosis or treatment, including statements about "their general cause." Fed. R. Evid. 803(4)(A)-(B). Rule 803(4) "admits three types of statements: (1) medical history, (2) past or present sensations, and (3) inception or general cause of the disease or injury." U.S. v. Iron Shell, 633 F.2d 77, 83 (8th Cir. 1980). In Iron Shell, the United States Court of Appeals for the Eighth Circuit stated that when determining whether a statement fell into the third category, "[t]he key question is whether these statements were reasonably pertinent to diagnosis or treatment," and applied a two part test in answering that question. Id. at 83–84. The court asked first whether the declarant's purpose in making the statement was to seek medical treatment, and second, whether it was reasonable for a physician to rely on the information in diagnosis or treatment. Id. at 84. Here, Mr. Runge's statements regarding how he came to be injured appear to have been made for the purpose of obtaining medical treatment, rather than to attribute blame to the Defendants. Docs. 23-2, 23-3, 23-4, 33-5; see also Advisory Committee Note to Fed. R. Evid. 803(4) (statements "as to fault would not ordinarily qualify" for Rule 803(4) admission, such that "a patient's statement that he was struck by an automobile would qualify but not his statement that the car was driven through a red light."); 30B Wright & Bellin, Federal Practice & Procedure §§ 6841-48 (2017 & Supp. 2025). The narrative write-ups regarding the cause of Mr. Runge's injuries in the after-visit summaries from these visits suggest that this information was relied upon to some extent in treating Mr. Runge's injuries. Mr. Runge's statements to his medical providers, though not identical, about how he came to be injured in early June of 2024 in Deadwood appear to be admissible.

Mr. Runge's interrogatory answers are likely inadmissible hearsay if offered for the truth of the matter asserted. There appear to be no hearsay exceptions under Rule 803 for a party to admit his interrogatory answers for the truth of the matter asserted. Rule 804, applicable to unavailable witnesses like Mr. Runge, does not have an exception for interrogatory answers. Fed. R. Evid. 804(b). Nevertheless, there is enough evidence to avoid summary judgment and allow a jury to determine if Mr. Runge's wheelchair flipped after coming into contact with the threshold of Defendants' entryway.

**IV. Conclusion**

For the reasons explained above, it is

ORDERED that Defendants' Motion for Summary Judgment, Doc. 12, is denied.

DATED this 27th day of October, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE